**DELTA SIGMA THETA SORORITY, INC., Plaintiff,**

v.

**Letisha D. BIVINS, et al., Defendants.**

**Civil Action No. 13–252 (BAH)**

United States District Court, District of Columbia.

Signed October 21, 2013

---

Elisabeth T. Kidder, Sharmian L. White, Devarieste Curry, Mcleod, Watkinson & Miller, Washington, DC, for Plaintiff.

Letisha D. Bivins, pro se.

## MEMORANDUM AND ORDER

BERYL A. HOWELL, United States District Judge

In this trademark infringement action, the plaintiff, Delta Sigma Theta Sorority, Inc. ("the plaintiff" or "Delta"), alleges that the three defendants, Letisha D. Bivins, Alphonso D. Goins, and FratHouse Clothing, LLC, ("the defendants") have used and are continuing to use the plaintiff's trademarks on goods marketed online. *See* Compl. ¶·1. Pending before the Court are five motions: the plaintiff's Motion for a Preliminary Injunction, ECF No. 1–11, the plaintiff's Motion for Entry of Default, ECF No. 21, and the defendants' three Motions to Dismiss for, *inter alia*, lack of personal jurisdiction and inappropriate venue under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). ECF Nos. 13, 14, and 29. All of these motions are denied without prejudice or stricken as improperly filed.

## I. PLAINTIFF'S MOTION FOR PRE-LIMINARY INJUNCTION

█ The plaintiff improperly filed an "Application for Preliminary Injunction" buried as attachment 11 to its Complaint. *See* Compl. Attach. 11, ECF No. 1–11. Local Civil Rule 5.1(g) states that "[n]o complaint . . . shall have appended thereto any document that is not essential to the determination of the action." Furthermore, Local Civil Rule 65.1(c) clearly states that "[a]n application for a preliminary injunction shall be made in a document separate from the complaint." The plaintiff, in its most recent filing for a Temporary Restraining Order, ECF No. 34, and in its Notice, ECF No. 35, notes that it has "had no ruling on its Application for a Preliminary Injunction." Notice at 1. This is because the plaintiff has failed to abide by both rules applicable to the filing of a Complaint and for a Preliminary Injunction. Consequently, the plaintiff's "Application for Preliminary Injunction" is stricken, without prejudice. The plaintiff may re–file this Application for a Preliminary Injunction in accordance with the Local Rules of Civil Procedure.[1]

## II. DEFENDANT BIVINS' AND DE-FENDANT GOINS' MOTIONS TO DISMISS

█ Defendant Bivins and Defendant Goins, each of whom are proceeding *pro se*, have filed Motions to Dismiss. *See* ECF Nos. 13, 29. Defendant Bivins asserts that this Court does not have personal jurisdiction over her, that venue is improper in

---

1. The plaintiff also asserts in its Notice that "only one of the listed counsel for Delta . . . was sent an email notice" and that the email notice was not received until 10:15 a.m. on October 21, 2013. The Court entered its Minute Order on October 18, 2013 at 6:54 p.m. and the Electronic Court Filing System confirms that all three of the plaintiff's counsel were emailed at that time. All three of the plaintiff's counsel are directed to ensure they are in compliance with Local Civil Rule 5.4(b)(6) which requires that all counsel using the Court's CM/ECF system "are responsible for monitoring their e–mail accounts, and, upon receipt of notice of an electronic filing, for retrieving the noticed filing."

this District, and that the plaintiff has failed to state a claim against her. *See* Def.'s Mem. Supp. Def.'s MTD Pl.'s Compl. ("Bivins Mem.") at 1, ECF No. 13. Defendant Goins asserts virtually identical claims as to personal jurisdiction and venue. *See* Def.'s Mem. Supp. Def.'s MTD Pl.'s Compl. ("Goins Mem.") at 1, ECF No. 29. The plaintiff has alleged that there has been at least one purchase of an allegedly infringing item by a District of Columbia resident. *See* Pl.'s Mem. in Opp'n to Def. Bivins MTD ("Pl.'s Bivins Opp'n") at 8–9. Consequently, the plaintiff has "at least a good faith belief that [jurisdictional] discovery will enable it to show that the court has personal jurisdiction over the defendant," *FC Inv. Grp. LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1093–94 (D.C. Cir. 2008), since further discovery could show that the defendants are "transacting any business in the District of Columbia" as required by the District of Columbia's long–arm statute, which governs jurisdictional issues in this case. D.C. Code § 13–423(a)(1); *see also FC Inv. Grp LC*, 529 F.3d at 1094–95 ("A plaintiff seeking to establish specific jurisdiction over a non-resident defendant must establish that specific jurisdiction comports with the forum's long–arm statute.").

Notably, the facts alleged by the plaintiff thus far may not be sufficient for a finding of general jurisdiction in this District. *See FC Inv. Grp. LC*, 529 F.3d at 1093 (collecting cases and noting that "exercising general jurisdiction over [a] foreign corporation with only three District customers would stretch the concept of general jurisdiction beyond what either the [long–arm] statute or due process permits.") (internal quotation marks omitted); *see also Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 512 (D.C. Cir. 2002) ("The mere accessibility of the defendants' websites ... does not establish the necessary minimum contacts with this forum.")

(internal quotation marks and brackets omitted). Similarly, the plaintiff has barely provided the requisite information making discovery on the specific jurisdiction portions of its claim appropriate. *See Lewy v. S. Poverty Law. Ctr.*, 723 F. Supp. 2d 116, 124 (D.D.C. 2010) ("Defendants who maintain websites accessible to District residents may demonstrate a 'persistent course of conduct' *if their contacts with the District are substantial enough*.") (emphasis added); *see also Parisi v. Sinclair*, 806 F.Supp.2d 93, 97 (D.D.C. 2011) (finding no specific jurisdiction where defendants' website, *inter alia*, does not target D.C. residents). Therefore, because the plaintiff has provided just enough of a good faith basis to raise the specter of jurisdiction, it shall be given an opportunity to seek discovery during the next forty–five days on the jurisdictional issue. The defendants' Motions to Dismiss, under Federal Rule of Civil Procedure 12(b)(2), are denied without prejudice.

 The defendants also assert that venue is improper in this District and move for dismissal under Federal Rule of Civil Procedure 12(b)(3). *See* Bivins Mem. at 14; Goins Mem. at 12. For substantially the same reasons why discovery is warranted on the jurisdictional issue, discovery is also warranted on the venue issue. 28 U.S.C. § 1391(b)(2) states that "[a] civil action may be brought in ... (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." As the plaintiff has alleged a purchase of an allegedly infringing item by a District of Columbia resident, it is possible that discovery could reveal that "a substantial part of the events ... giving rise to the [plaintiff's] claim occurred" in the District of Columbia. Yet again, the plaintiff is perilously close to not providing adequate indicia of this venue's propriety, especially in light of there being another

judicial district, the Middle District of Florida, where "all defendants are residents of the State in which the district is located," meaning the plaintiffs must prove venue is proper under 28 U.S.C. § 1391(b)(2).[2] Consequently, the plaintiff shall be given an opportunity to seek discovery on the venue issue and the defendants' Motions to Dismiss, under Federal Rule of Civil Procedure 12(b)(3), are denied without prejudice.

 Finally, Defendant Bivins asserts under Federal Rule of Civil Procedure 12(b)(6) that the plaintiff has failed to state a claim against her upon which relief could be granted because she is merely a "former member of, and registered agent for purposes of service of process for" FratHouse Clothing. See Bivins Mem. at 16. The plaintiff has asserted that Defendant Bivins is a "moving, active, conscious force behind FratHouse Clothing's infringement of Delta's marks." Compl. ¶ 30. In responding to the plaintiff's correspondence, Defendant Bivins, who is personally named in the instant case, and has not entered an appearance on behalf of the corporate defendant, held herself out as wishing to "resolve the matter on behalf of the Company." Declaration of Nicole Lenon Johnson ("Johnson Decl."), Attach D. at 1, ECF No. 1–4. Making all reasonable inferences in favor of the plaintiff, as the Court must on a 12(b)(6) motion, the plaintiff has made a "plausible" claim that Defendant Bivins is liable personally for the infringement alleged, which is all that is necessary at the Motion to Dismiss stage of the proceedings. See Ashcroft v. Iqbal, 556 U.S.

662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Consequently, Defendant Bivins' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) is denied without prejudice.

### III. DEFENDANT FRATHOUSE CLOTHING'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR DEFAULT.

 Defendant Goins signed and submitted a Motion to Dismiss on behalf of Defendant FratHouse Clothing, LLC. See Def.'s MTD Pl.'s Compl. ("FratHouse MTD") at 1, ECF No. 14. Defendant Goins has not held himself out to be a lawyer licensed to practice law in the District of Columbia; rather, he has attempted to respond on behalf of the LLC as the "company's sole member/owner." Def.'s Reply Mem. Pl.'s Opp'n Def.'s MTD ("FratHouse Reply") at 1, ECF No. 25. As the plaintiff correctly points out, "a corporation may appear in the federal courts only through licensed counsel." Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). The defendant implicitly acknowledges this when it asks this Court for "leave to engage counsel to adopt and defend the timely filed motion to dismiss." Def.'s Reply at 2. The Court grants this request, strikes the Defendant FratHouse Clothing's Motion to Dismiss, and grants Defendant FratHouse Clothing ten days to secure counsel and enter an appearance on its behalf in this matter. Consequently, the plaintiff's Motion for Entry of Default is denied without prejudice.[3]

---

2. Despite the plaintiff spilling considerable ink on venue under 28 U.S.C. § 391(b)(3), this portion of the venue statute is only available when neither 28 U.S.C. §§ 391(b)(1) nor (b)(2) is available. See 28 U.S.C. § 391(b)(3) (stating it is applicable when "there is no district in which an action may otherwise be

brought as provided in this section"). Since venue would be appropriate under 28 U.S.C. § 1391(b)(1) in the Middle District of Florida, (b)(3) is irrelevant to this case.

3. The Court notes that the plaintiff's Motion for Entry of Default is not properly before it. See Fed. R. Civ. P. 55(a) ("When a party

## IV. ~~C~~ONCLUSION

For the aforementioned reasons it is hereby **ORDERED** that the plaintiff's Application for Preliminary Injunction improperly filed as an attachment to the Complaint, ECF No. 1–11, is STRICKEN; and it is further

**ORDERED** that Defendant Bivins' Motion to Dismiss, ECF No. 13, is DENIED without prejudice; and it is further

**ORDERED** that Defendant FratHouse Clothing, LLC's Motion to Dismiss, ECF No. 14 is STRICKEN and Defendant FratHouse Clothing, LLC must secure .counsel to enter an appearance on its behalf by October 31, 2013; and it is further

**ORDERED** that Defendant Goins' Motion to Dismiss, ECF No. 29, is DENIED without prejudice; and it is further

**ORDERED** that the plaintiff's Motion for Entry of Default, ECF No. 21, is DENIED without prejudice; and it is further

**ORDERED** that the plaintiff may seek discovery to determine if this Court has jurisdiction over the defendants and if venue is proper in this District. All discovery on these issues shall close by December 5, 2013.

**SO ORDERED.**

against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, *the clerk* must enter the party's default.") (emphasis added). The plaintiff has not first obtained an Entry of Default from the Clerk, as required by the applicable rule.